256 A.2d 212 (1969)
Alfred VEADER et ux.,
v.
CITY COUNCIL OF the CITY OF EAST PROVIDENCE et al.
No. 398-M.P.
Supreme Court of Rhode Island.
July 31, 1969.
Donald A. McDonald, Providence, for petitioners.
Nathan E. Pass, City Sol. of East Providence, for respondents.

*213 OPINION
KELLEHER, Justice.
This is a petition for certiorari which seeks a review of the denial of the petitioners' application to construct a building in the city of East Providence. The writ was issued. The respondents filed an answer and the city clerk has duly certified and transmitted to us various records which shed some light on the present controversy.
The record shows that in 1961, the city of East Providence, pursuant to provisions of G.L. 1956, chap. 23 of title 45, as amended, adopted an ordinance designed to regulate and control the subdivision of land within the city. The ordinance is known and cited as chap. 28 of the Revised Ordinances of the City of East Providence. The enabling act defines a subdivision as follows:
"The word `subdivision,' shall mean the division of a lot, tract or parcel of land into two (2) or more lots, sites or other divisions of land in such a manner as to require provision for a street, for the purpose, whether immediate or future, of sale or of building development.
"It also means the division of a lot, tract or parcel of land into three (3) or more lots, sites or other divisions of land of one (1) acre or less in area for such purpose. It also includes resubdivision and, when appropriate to the context, shall relate to the process of subdividing or to the land subdivided."
Both definitions are incorporated within the ordinance. The enabling act also provides that no plat shall be recorded until a plat of the subdivision has been approved by the proper municipal authority. Chapter 28, sec. 4 of the Revised Ordinances of the City of East Providence prohibits the issuance of a building permit unless the lot on which the construction is to take place abuts on an accepted or platted city street or an improved street that has been in continuous public use for at least 10 years.
An examination of petitioners' chain of title discloses the following activity:
On May 12, 1966, John R. Flynn together with several other persons purchased Lot 42 on Tax Assessor's Plat 22. Lot 42 was a large irregularly-sized tract of land located in East Providence on the easterly side of Pawtucket Avenue. It measured over three acres in area. In June 1966, Flynn and his associates sold 1.59 acres of this land to petitioners. In September 1966, petitioners applied for and received a building permit whereby they built a large cement-block building which apparently is used as a warehouse or some type of storage facility. The notice of the Flynn transfer was not reflected in the Tax Assessor's records at this time because the permit given petitioners stated that it was for a building to be erected on a portion of Lot 42. About a year later, the assessor's records then correctly identified petitioners' property as Lot 102 on Plat 22. Thereafter in January 1967, petitioners sold almost an acre of their land to a Joseph W. Miller. The assessor designated this parcel as Lot 103 on Plat 22. In February 1968, petitioners returned to the building inspector's office and filed another application to build a second building on Lot 102. It is conceded that petitioners' property does not abut on any accepted, platted or improved street as they are described in chap. 28, sec. 2. The inspector pointed out the prohibition contained in this section of the ordinance and refused to issue the permit.
The petitioners then filed a petition with the city council seeking relief from the requirements of the strict enforcement of the city subdivision ordinance. The council considered the petition on February 19, 1968, and informed petitioners that it could not take any action until petitioners complied with the platting requirements of chap. 28.
The petitioners thereupon filed this petition for certiorari. They acknowledge the elementary principle that certiorari is an extraordinary writ addressed to our discretion *214 and ordinarily withheld in those instances where there is another adequate remedy available. Wilkinson v. Harrington, R.I. 243 A.2d 745. They claim to be remediless in the situation because the city has failed to provide for a board of review as specified in § 45-23-14. One of the main functions of a board of review is to make special exceptions to rules and regulations promulgated by the city or town council. It is true that § 45-23-14 states that any city or town which adopts a subdivision ordinance shall also provide for a board of review. The board may either be the zoning board of review or a completely new unit. The board acts as an agency which reviews the actions of the group initially charged with the duty of administering the subdivision regulations. This group is described in the enabling act as the "plan commission."
However, a further study of the enabling legislation reveals that § 45-23-19 declares that a city or town council, may in lieu of § 45-23-14, act as the "plan commission" and adopt rules and regulations controlling the subdivision of land. This provision also states that in the event the council acts as the plan commission, no board of review need be appointed and any appeals from the council's action taken when acting in the capacity of a plan commission shall be directly to the superior court. Furthermore, § 45-23-20 empowers the superior court "[to] hear all pertinent evidence and determine the facts, and upon the facts so determined * * * affirm such decision, or * * * annual the same if found to exceed the authority of such plan commission * * * or * * * enter such other decree as justice and equity may require."
Thus, petitioners' concern as to the non-availability of a reviewing board is unfounded. We cannot, however, look upon petitioners' apparent distress without some doubt in our mind as to their sincerity. The general assembly, when it provided in the enabling act for a review board, intended to afford relief to an individual who at least attempted to demonstrate some degree of compliance with subdivision regulations. Here we have before us what appears to be a classic case of indifference by petitioners to the provisions of the East Providence subdivision ordinance. This petition, in our view, marks just another effort by petitioners to circumvent the requirements involving the proper platting of land. Even if the city had opted for that portion of the enabling act by which it might have established a board of review, petitioners have offered no proposed plat or subdivision plan which would serve as the basis of their alleged right of review.
The writ has been issued improvidently.
The petition for certiorari is denied and dismissed. The writ heretofore issued is quashed and the records certified to this court are ordered returned to the city with our decision endorsed thereon.